**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **JUSTIN PRESTON,** | Case No. 1:20 cv 00373 |
| **Plaintiff** | Judge: Barrett |
| v. | |
| | **JOINT DISCOVERY PLAN** |
| **NORFOLK SOUTHERN RAILWAY COMPANY, a corporation** | |
| **Defendant** | |

Now comes all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Pretrial Procedure Outline. The parties conducted their discovery conference on July 6, 2020.

**A.    MAGISTRATE CONSENT**

The Parties:

_____    unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

**X**       do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

_____    unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

B. **RULE 26(a) DISCLOSURES**

 \_\_\_\_ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

 **X** The parties will exchange such disclosures on or before August 15, 2020.

 \_\_\_\_ The parties are exempt from disclosures under Rule 26(a)(1)(E).

 NOTE: Rule 26(a) disclosures are <u>not</u> to be filed with the Court.

C. DISCOVERY ISSUES AND DATES

1. Discovery will need to be conducted on the issues of liability and damages

2. The parties recommend that discovery

 **X** need not be bifurcated

 \_\_\_\_ should be bifurcated between liability and damages

 \_\_\_\_ should be bifurcated between factual and expert

 \_\_\_\_ should be limited in some fashion or focused upon particular issues which relate to_____

3. Disclosure and report of Plaintiff(s) expert(s) by January 15, 2021.

4. Disclosure and report of Defendant(s) expert(s) by April 15, 2021.

5. Disclosure and report of rebuttal expert(s) by May 15, 2021.

6. Disclosure of non-expert (fact) witnesses by March 15, 2021.

7. Discovery cutoff: June 15, 2021.

8. Anticipated discovery problems: None

**647880v1**

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial: Discovery is needed on issues of liability and damages; this will include gathering and review of all of Plaintiff's medical records, earnings information and the like.

10. Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

**X**   Yes

___   No

i. The parties have electronically stored information in the following formats: <u>The parties have agreed to exchange records the old-fashioned way; hard copies of records will be produced and/or they will be electronically exchanged between the parties, depending on the "sources" method of transmitting the records, i.e., if the records are submitted from some party or non-party, i.e., medical care provide via ESI, the documents will be exchanged via ESI or in paper form as the parties agree.</u>

ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

<u>None anticipated at this time.</u>

647880v1

11. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

**X**   Yes
____   No

i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

<u>The parties do not anticipate any unusual issues regarding privilege or trial preparation materials. If any such issues arise, the parties will attempt to resolve them among themselves before involving the Court in such disputes.</u>

ii. Have the parties agreed on a procedure to assert such claims AFTER production?

____   No
____   Yes

**X**   Yes, and the parties ask that the Court include the following agreement in the scheduling order:

<u>The parties have agreed to identify, upon production, any alleged document or other material for which a claim of privilege or work product doctrine will be raised. The parties agree to attempt to resolve the dispute amicably between themselves. If no such agreement can be reached, the parties will bring the matters to the Court's attention, either via motion or by contacting the Court and requesting a brief telephone conference and/or briefing on the issue, if the Court so desires.</u>

**D.     LIMITATIONS ON DISCOVERY**

      1.     Changes in the limitations on discovery

      \_\_\_   Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

      \_\_\_   Extension of number of depositions (currently 10) permitted to _____.

      \_\_\_   Extension of number of interrogatories (currently 25) to _____.

      \_\_\_   Other: _____.

      **X**   None

**E.     PROTECTIVE ORDER**

      \_\_\_   A protective order will likely be submitted to the Court on or before _____.

      **X**   The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F. 3d 219 (6th Cir. 1996).

**F.     SETTLEMENT**

A settlement demand has not been made.
A response has not been made.
A demand can be made by January 15, 2021.
A response can be made by February 28, 2021.

**647880v1**

**Page 5 of 7**

G. **MOTION DEADLINES**

1. Motion to amend the pleadings and/or add parties by August 30, 2020.

2. Motions relative to the pleadings by October 15, 2020.

3. Dispositive motions by May 30, 2021.

H. **OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

None at this time.

Signatures: */s/ Robert B. Thompson*     */s/ James F. Brockman*

    Robert B. Thompson      James F. Brockman
    Laurence C. Acker      LINDHORST & DREIDAME
    Harrington, Thompson, Acker &      312 Walnut Street
    Harrington, Ltd.      Suite 3100
    One North LaSalle Street, Suite 3150      Cincinnati, OH 45202-4048
    Chicago, IL 60602

    Attorney for Plaintiff,      Attorney for Defendant, Norfolk
    Justin Preston      Southern Railway Company

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been filed electronically with the Clerk this 15th day of July, 2020, which will give notice of the filing to the following:

Robert B. Thompson
Laurence C. Acker
Harrington, Thompson, Acker & Harrington, Ltd.
One North LaSalle Street, Suite 3150
Chicago, IL 60602
htah@harringtonlaw.com

                                        */s/ James F. Brockman*